IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH SAULTER | ) |
| | ) |
| v. | ) No. 3:15-0524 |
| | ) Judge Nixon/Bryant |
| SOCIAL SECURITY ADMINISTRATION | ) |

To:     The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

This Social Security appeal has been referred to the undersigned for, e.g., a Report and Recommendation on disposition of plaintiff's complaint for judicial review of the decision of the Social Security Administration (SSA). (Docket Entry No. 3) After defendant's filing of its answer and a transcript of the administrative record (Docket Entry No. 13)[1], the *pro se* plaintiff was directed to file a motion for judgment on the administrative record supported by a brief which identifies "the specific errors allegedly committed at the administrative level which entitle the plaintiff to relief." (Docket Entry No. 14) Instead of filing such a motion and brief, plaintiff filed a document which does not identify any error in the administrative decision on his benefits application, but instead requests a hearing before the Court and a meeting with the Commissioner of Social Security. (Docket Entry No. 19) Moreover, in line with the requests for relief in his complaint (Docket Entry No. 1, ¶ 5), plaintiff seeks to have his hearing covered by the news media so that he can publicly advocate for a change in the "old law" governing Social Security benefits and an effort to

---

[1]Referenced hereinafter by page number(s) following the abbreviation "Tr."

"bring the new law in." (Docket Entry No. 19 at 2) Following the filing of this document, plaintiff filed fifty-one pages of medical records which post-date the final SSA decision on his disability claim by more than two years. (Docket Entry No. 20)

This Court is not empowered to grant plaintiff an audience with the Commissioner of Social Security, nor is the undersigned inclined to grant a hearing in order for plaintiff to air his grievances with the state of the existing law governing disability benefits. The only proper basis for District Court jurisdiction in this matter, 42 U.S.C. § 405(g), merely enables the Court to affirm, modify, or reverse the final SSA decision upon a determination of whether its findings of fact are supported by substantial evidence in the record and its decision is based on the correct legal standards. Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003). This Court may not review the case *de novo*, Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007), and it may not review the decision in light of new evidence which may show a deterioration in plaintiff's condition after the final agency decision but is immaterial to his condition as it existed at the time of that decision. E.g., Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 277-78 (6th Cir. 2010).

Despite plaintiff's apparent recognition that the SSA's decision is proper under the applicable law and regulations, the Court has liberally construed his complaint as alleging error in that decision pursuant to § 405(g). However, the simple yet determinative fact of the matter here, under the governing law as explained by the Administrative Law Judge (Tr. 11-13) and the SSA in its brief (Docket Entry No. 18), is that plaintiff, despite his medical conditions and limitations, continued to work for all but three months since his alleged disability onset in July 2010. (Tr. 30-34, 37-39) This work activity was properly determined by the ALJ to significantly exceed the threshold for "substantial gainful activity" (Tr. 11-12),

and while it is to plaintiff's credit that he persevered at work despite what appear to be significant impairments and symptoms, it is nonetheless disqualifying in terms of his claimed entitlement to disability benefits. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007) ("A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings."); 20 C.F.R. § 404.1520(a)(4)(i), (b).

If plaintiff's medical condition has in fact worsened to the point that he is now precluded from performing substantial gainful activity, a new application for disability benefits may prove fruitful. However, as to the SSA's decision on the claims under review here, it is clear that substantial evidence supports that decision, and that it should therefore be **AFFIRMED**. It is so recommended.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 5th day of August, 2016.

        s/ John S. Bryant
        JOHN S. BRYANT
        UNITED STATES MAGISTRATE JUDGE